FILED

08/04/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0556

DA 24-0556

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 183N

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

FREDERICK CHARLES DAY,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC-14-539
Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Tammy A. Hinderman, Appellate Defender Division Administrator,
Anthony Reed, Assistant Appellate Defender, Helena, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Selene Koepke,
Assistant Attorney General, Helena, Montana

          Joshua A. Racki, Cascade County Attorney, Kory Larsen, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  July 1, 2026
Decided:  August 4, 2026

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Frederick Charles Day appeals from the July 24, 2024 Disposition Order, Judgment, Bond Exoneration, & Order to Close issued by the Eighth Judicial District Court, Cascade County, entered upon revocation of his suspended sentence.  We affirm.

¶3      On appeal, Day raises two issues: (1) whether the District Court illegally sentenced Day when it failed to award him approximately 524 additional days of elapsed time credit—primarily for the period while his first petition to revoke was pending and from December 14, 2022, until his first recorded violation on July 18, 2023; and (2) alternatively, whether his counsel rendered ineffective assistance by failing to challenge the State's calculation of elapsed time credit.

¶4      In 2014, Great Falls Police conducted a sting operation which resulted in Day being charged with Prostitution, or in the alternative Attempted Prostitution.  Day entered a plea agreement and on April 22, 2016, pled guilty to Attempted Prostitution.  He was sentenced August 26, 2016, to 25 years to the Montana Department of Corrections (DOC) with all but 5 years suspended, and ordered to remain in secure custody until completing phases one and two of sex offender treatment.  On appeal of this sentence, we reversed and remanded for resentencing—holding the sentence illegal as conditioning release on

2

completion of sex offender treatment improperly imposed a parole restriction on a DOC sentence. *State v. Day*, 2018 MT 51, ¶¶ 10-11, 390 Mont. 388, 414 P.3d 267.

¶5 On remand, by the date of resentencing, Day had completed both phases of sex offender treatment and been released. The District Court resentenced him to 25 years DOC with all but 5 years suspended and awarded 817 days of credit for time served. Day was released to parole on August 14, 2018, and began the suspended portion of his sentence on June 19, 2021.

¶6 On June 25, 2021, Probation Officer Tim Hides filed an Affidavit in Support of Petition for Revocation of Order of Suspended Sentence (1st Affidavit) and a Report of Violation. The affidavit alleged eight violations, including a new felony prostitution charge on June 23, 2021. On June 29, 2021, the State filed a Petition for Revocation of Suspended Sentence (1st PTR). Day remained under supervision while the petition was pending. Nearly a year later, on May 4, 2022, the State moved to dismiss the 1st PTR, as the court had dismissed the new charge which was the basis for the revocation.

¶7 On December 16, 2022, Hides filed another Affidavit in Support of Petition for Revocation of Order of Suspended Sentence (2nd Affidavit), alleging four violations in mid-December 2022. The 2nd Affidavit recommended 535 days of street-time credit, including the period while the 1st PTR was pending. The State did not file a petition to revoke based on the 2nd Affidavit, and the District Court never adjudicated those allegations.

¶8 On August 8, 2023, Hides filed a third Affidavit in Support of Petition for Revocation (3rd Affidavit) and the State filed a second Petition for Revocation of

Suspended Sentence (2nd PTR). The 3rd Affidavit alleged seven violations occurring between July 18, 2023, and August 4, 2023. The 3rd Affidavit also provided a new calculation of elapsed time credit: "Street Time Credit: 06/15/2021-06/21/2021-6; 04/30/2022-12/14/2022-229" for a total of 235 days. This calculation excluded credit for the time the 1st PTR was pending and denied credit for any time after December 14, 2022.

¶9 Between October 2023 and March 2024, Hides filed four addenda alleging additional violations in October 2023, February 2024, and March 2024. On June 25, 2024, the District Court held an evidentiary and dispositional hearing on the 2nd PTR, addressing only the 3rd Affidavit and its four addenda. Day admitted or admitted with explanation to twelve of nineteen allegations; the State dismissed the remaining seven. Hides testified that Day should receive 105 days of time-served credit but could not recall the exact street-time calculation. The prosecutor asked, "was it 235 days that you calculated with Mr. Larson?" Hides responded, "that sounds about right." No party elicited further detail on how the 235 days were calculated.

¶10 The State recommended revocation and imposition of a 20-year DOC sentence with 10 years suspended, 105 days of credit for time served, and 235 days of elapsed time credit. Defense counsel argued for continuation of the suspended sentence with placement in a DOC program under § 46-18-203(7)(a)(ii)(B), MCA (2023),[1] emphasizing Day's need for treatment. When asked about credit, counsel stated: "I do not dispute the credit for time served figures, nor the street time figures offered by the State. So, no objection to those

---

[1] Unless otherwise noted, all statutory references are to the 2023 version in effect at the time of revocation.

figures, your Honor." Later, when the court asked whether its result or conditions were illegal, counsel replied, "it's legal, yes." The District Court revoked Day's suspended sentence and resentenced him to 20 years DOC with 10 years suspended, awarding 105 days of time-served credit and 235 days of elapsed time credit, consistent with the State's recommendation.

¶11 Day now asserts he is entitled to a total of 759 days of elapsed time credit, rather than the 235 days awarded. He calculates 759 days from June 19, 2021, when his suspended sentence began, to July 18, 2023, the date of his first admitted violation in the 3rd Affidavit. He acknowledges the 105 days of time-served credit awarded after July 18, 2023, but contends the District Court wrongfully denied 524 days of elapsed time credit: (1) the period while the 1st PTR was pending, and (2) the period from December 14, 2022 (the first alleged violation in the 2nd Affidavit) until July 18, 2023.

¶12 Day argues that under § 46-18-203(7)(b), MCA, and this Court's decisions in *State v. Jardee*, 2020 MT 81, 399 Mont. 459, 461 P.3d 108; *State v. Gudmundsen*, 2022 MT 178, 410 Mont. 67, 517 P.3d 146; and *State v. Charles*, 2025 MT 58, 421 Mont. 210, 565 P.3d 1191, he is entitled to credit for all elapsed time served without recorded violations, including periods while a petition to revoke is pending. He contends the District Court's failure to award the additional 524 days rendered his sentence illegal and reviewable under *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979). Alternatively, he claims his counsel was ineffective for failing to independently calculate and request the additional elapsed time credit.

¶13 The State, relying on *Williams v. Green*, 2025 MT 102, 422 Mont. 17, 568 P.3d 549, and *State v. Pajnich*, 2025 MT 101, 422 Mont. 12, 568 P.3d 562, responds that Day waived any challenge to the elapsed time calculation by expressly agreeing to the 235-day figure at disposition and failing to object. It further argues that Day's ineffective assistance claim is not record-based and should be left to postconviction relief.

¶14 We review criminal sentences imposing more than one year of incarceration for legality. *State v. Moore*, 2012 MT 95, ¶ 10, 365 Mont. 13, 277 P.3d 1212. A sentence is not illegal if it falls within statutory parameters. *State v. Garrymore*, 2006 MT 245, ¶ 9, 334 Mont. 1, 145 P.3d 946.

¶15 Ineffective assistance of counsel claims present mixed questions of law and fact, which we review de novo. *State v. Ugalde*, 2013 MT 308, ¶ 28, 372 Mont. 234, 311 P.3d 772; *State v. Wright*, 2021 MT 239, ¶ 7, 405 Mont. 383, 495 P.3d 435.

¶16 We first address whether the District Court illegally sentenced Day by failing to award approximately 524 additional days of elapsed time credit. Section 46-18-203(7)(b), MCA, provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole office, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence. If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order.

This Court has interpreted this statute to require that specific violations established upon "the record or recollection of the probation officer" are necessary to justify denial of

street-time credit and that the sentencing court must state its reasons for any denial. *Jardee*, ¶ 11; *Gudmundsen*, ¶ 13.

¶17 In *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000, we held that a defendant may challenge a criminal sentence alleged to be illegal or in excess of statutory mandates on appeal even without objecting in the trial court. However, we later clarified that not every statutory error renders a sentence "illegal" for *Lenihan* purposes. In *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892, and *State v. Youpee*, 2018 MT 102, ¶ 11, 391 Mont. 246, 416 P.3d 1050, we explained that a sentence is not illegal if it falls within statutory parameters and that a sentencing court's failure to abide by a statutory requirement creates an objectionable sentence, not necessarily an illegal one invoking *Lenihan*. In both *Pajnich* and *Williams*, we addressed the impact of failing to object or acquiescing in the elapsed time credit awarded by a sentencing court.

¶18 In *Pajnich*, the defendant argued on appeal that her 2018 revocation sentence was illegal because she was entitled to additional elapsed time credit beyond the 111 days specified in a plea agreement. We held that when a district court is presented with a plea agreement providing a specific and agreed-upon calculation of elapsed time, the court may rely on the parties' agreement and is not required to state reasons for denying additional elapsed time when no argument for it was made. *Pajnich*, ¶ 12. We further held that the amount of elapsed time credited in a plea agreement will not be reviewed on appeal absent a contemporaneous objection or a mistake of fact. *Pajnich*, ¶¶ 12-14. Because Pajnich did not object to the 111-day calculation and there was no mistake of fact, her assertion was

"based solely on a waived legal argument not made contemporaneously at the time of revocation and not preserved for appeal." *Pajnich*, ¶ 13.

¶19 In *Williams*, the petitioner challenged, via habeas corpus, the District Court's denial of elapsed time credit on a revocation sentence. We held that both the 2015 and 2017 versions of § 46-18-203(7)(b), MCA, required the court to consider elapsed time, but emphasized that the dispositive issue was whether the court had considered the period for which Williams claimed credit and whether he objected at sentencing. *Williams*, ¶¶ 10-11. We concluded that Williams was on notice the State sought to deny street-time credit, had the opportunity to object, and failed to do so. Because his sentence fell within statutory parameters, any failure to award elapsed time was objectionable, not illegal, and his failure to object waived his claim. *Williams*, ¶¶ 11-13.

¶20 Day argues that, unlike *Pajnich*, he did not enter a plea agreement and that, unlike *Williams*, the District Court failed to consider the first 759 days of his suspended sentence, including the period while the 1st PTR was pending and the period covered by the 2nd Affidavit. He contends the court's general reference to his "performance during his suspended sentence" is insufficient to satisfy § 46-18-203(7)(b), MCA, and that the denial of 524 days of elapsed time rendered his sentence illegal.

¶21 The record shows, however, that at the June 25, 2024 hearing, the State expressly recommended 235 days of elapsed time credit, based on the 3rd Affidavit's calculation, and that defense counsel affirmatively agreed to that calculation. The District Court then adopted the agreed-upon figures in its written judgment.

¶22 Although Day did not sign a plea agreement, his counsel's express agreement to the State's calculation created the same "distinct situation" described in *Pajnich*: the court was presented with a specific number of days the parties agreed were owed and could rely on that agreement. *Pajnich*, ¶ 12. As in *Pajnich*, Day could have argued for additional elapsed time credit at his revocation hearing but did not. He did not ask the court to award credit for the period while the 1st PTR was pending or for the period from December 14, 2022, to July 18, 2023, nor did he object to the 235-day calculation or the court's failure to state reasons for denying additional credit.

¶23 Likewise, as in *Williams*, Day was on notice that the State's 3rd Affidavit and recommendation excluded certain periods from street-time credit. The affidavit explicitly limited credit to June 15-21, 2021, and April 30-December 14, 2022, and noted other violations and intervention efforts. The State's dispositional argument reiterated the 235-day figure. Day had opportunity to object and to request additional credit but chose instead to accept the calculation and focus his argument on avoiding revocation incarceration through treatment under § 46-18-203(7)(a)(ii)(B), MCA.

¶24 Day's sentence—20 years DOC with 10 years suspended, plus 105 days of credit for time served and 235 days of elapsed time credit—falls within statutory parameters for his offense and revocation. *See* § 45-6-601, MCA (2013); § 46-18-203, MCA. Any alleged failure to award additional elapsed time or to state reasons for denying it is therefore an objectionable sentence, not an illegal one. *Williams*, ¶¶ 11-12; *Kotwicki*, ¶ 13.

¶25 Consistent with *Pajnich* and *Williams*, Day waived his claim to the additional 524 days of elapsed time credit by failing to object to the State's calculation or to request

9

additional credit at the time of revocation. His assertion on appeal is based solely on a waived legal argument not made contemporaneously and not preserved for appeal. *Pajnich*, ¶ 13. Thus, the District Court did not err in not granting the additional 524 days of elapsed time Day now seeks.

¶26 We turn now to Day's alternate issue of whether his counsel provided ineffective assistance by failing to challenge the State's elapsed time calculation. When an IAC claim is raised on direct appeal, the Court ordinarily first determines whether the claim is record-based and appropriate for direct appeal. If the record does not explain why counsel acted or failed to act, the claim generally belongs in postconviction proceedings. *State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, 30 P.3d 340; *State v. Crider*, 2014 MT 139, ¶ 35, 375 Mont. 187, 328 P.3d 612. If the claim is reviewable, the defendant must prove both deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Whitlow v. State,* 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. The Court need not address the two prongs in order and may decide an IAC claim on the lack of prejudice alone. *Whitlow,* ¶ 11; *see also Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

¶27 Day argues that his counsel was constitutionally ineffective for failing to independently calculate elapsed time credit and request the additional 524 days he now claims. He asserts that an "accurate calculation and argument for elapsed time credit is a necessary task for defense counsel" at revocation and that no competent lawyer would have failed to protect his right to all credit to which he was entitled. He contends there was "no plausible justification" for counsel's omission and that, had counsel requested the

10

additional credit, the District Court would have been obligated under *Jardee*, *Gudmundsen*, and *Charles* to award it.

¶28 The record shows that defense counsel did not object to the State's 235-day calculation and affirmatively agreed to it. It also shows that counsel focused his dispositional argument on avoiding revocation incarceration by seeking continued supervision with DOC treatment under § 46-18-203(7)(a)(ii)(B), MCA. The record does not reveal counsel's reasons for accepting the State's calculation or for prioritizing treatment over contesting credit.

¶29 As in *State v. Mikesell*, 2021 MT 288, 406 Mont. 205, 498 P.3d 192, the record suggests at least plausible strategic considerations. Counsel may have believed that conceding the State's credit calculation would enhance Day's credibility and focus the court's attention on treatment rather than punishment. Counsel may have assessed that challenging the calculation would be unavailing given Day's extensive violation history and the reports of violation documenting ongoing noncompliance. Or counsel may have lacked complete information about the earlier violation periods and chosen not to litigate an issue he could not substantiate. The record does not answer "why."

¶30 Unlike *State v. Kougl*, 2004 MT 243, 323 Mont. 6, 97 P.3d 1095, and *State v. Rose*, 1998 MT 342, 292 Mont. 350, 972 P.2d 321, this is not a case where counsel failed to take an obligatory, non-tactical action or where there is clearly "no plausible justification" for counsel's conduct. Counsel's decision not to object to the credit calculation and to focus on treatment falls within the realm of tactical judgment, potentially influenced by non-record factors such as discussions with Day, assessments of the judge's sentencing

11

tendencies, or evaluations of the strength of the violation evidence. Because the record does not fully explain why counsel failed to object or request additional elapsed time credit, Day's IAC claim is not record-based and is better suited for a petition for postconviction relief, if at all. *Mikesell*, ¶¶ 20-23.

¶31 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶32 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE